UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| JEAN CLAUDE HAKUZIMANA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EPIC ENTERPRISES, INC., )<br>)<br>Defendant. )<br>) | CIVIL ACTION<br>NO. 26-10754-WGY |

### MEMORANDUM AND ORDER

YOUNG, D.J.                                                February 19, 2026

In this case -- trying for efficiency -- the Court made the rookie mistake of holding a hearing on a motion for equitable relief without having before it the complaint upon which such relief is allegedly warranted. Now, having reviewed the Plaintiff, Jean Claude Hakuzimana's ("Hakuzimana") First Amended Complaint, it becomes clear that I've put the cart before the horse.

For the reasons stated below, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the sole federal claim is DISMISSED. The Court declines to exercise supplemental jurisdiction over any state-law claims, which supplemental claims are DISMISSED without prejudice pursuant to 28 U.S.C. § 1367(c)(3). The Clerk is directed to enter a separate order of dismissal and close the case.

I    BACKGROUND

Hakuzimana, proceeding pro se and in forma pauperis, brings this action against EPIC Enterprises, Inc. ("EPIC"), alleging that it unlawfully rescinded his offer of employment. See Compl., ECF 1.

The Court initially screened the complaint, issued a summons, and ordered Hakuzimana to file an amended complaint by March 3, 2026.[1] See Order, ECF No. 5. The Court also ordered that a hearing on Hakuzimana's emergency motion for a temporary restraining order take place on February 17, 2026. Id.

At the hearing, the Court collapsed the motion into a trial on the merits pursuant to Rule 65(a), as is its usual practice, and set an expedited trial date, agreeable to the parties, for March 3, 2026.

As the Court had effectively dismissed the original complaint by ordering an amended complaint, the Court inquired when the amended complaint would be filed. Hakuzimana informed

---

[1] Hakuzimana's complaint was subject to mandatory screening pursuant to 28 U.S.C. § 1915 ("Section 1915") because he is proceeding in forma pauperis. See Order, ECF No. 5. Section 1915 requires federal courts to dismiss a complaint sua sponte if the claims therein, among other things, fail to state a claim on which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted[.]"). In conducting this review, courts liberally construe the complaint. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

the Court that his amended complaint could be filed by the end of the day. The Court ordered the amended complaint to be filed by 4:00 p.m. Hakuzimana timely filed the First Amended Complaint. See First Am. Compl. & Jury Demand ("FAC"), ECF No. 14.

This Court is required pursuant to Section 1915 to screen the FAC because Hakuzimana is proceeding in forma pauperis. See n. 1, supra. Upon screening, this Court concludes for the reasons set forth below, that Hakuzimana has failed to plausibly plead a claim upon which relief can be granted under **federal** law, and therefore all **federal** claims must be dismissed. As such, the Court will decline to exercise supplemental jurisdiction over the remaining claims and dismiss those claims without prejudice, cancel the trial and close the case.

## II. FACTS ALLEGED

The following facts are taken from the FAC and documents attached to it and the original complaint, and credited as true for purposes of this review.

On January 20, 2026, EPIC offered Hakuzimana the position of Quality Control Supervisor. FAC ¶ 5. As part of the on-boarding process, Hakuzimana was required to pass a background check, a physical and drug testing, which he did. See Letter, Compl., Ex. 1-1 5.

While at his physical, Hakuzimana disclosed "medical use of marijuana" and certain prescription medications. FAC ¶ 6. The medical report, attached to the FAC, indicated "Urine Drug Screen: Fail . . . THC", though he was "medically cleared for employment (FIT FOR WORK)." FAC, Ex. A, ECF No. 14-1; see FAC ¶ 7. The parties do not appear to dispute that the drug screen indicates a positive test for marijuana.

On February 6, 2026, EPIC rescinded the offer, according to Hakuzimana, "falsely claiming a Background Check failure." FAC ¶ 8. The February 6, 2026 letter, attached to the original complaint, is not specific as to the grounds for the recission. The letter does not define whether the failure was the Background Check, the physical or drug screening:

> Dear Jean Claude,
>
> As stated in the offer letter you received from EPIC Enterprises, Inc., offers of employment are contingent upon several factors, including but not limited to successfully **passing a background check, physical & drug screening. With your authorization, a background check was performed. Based on the information we received, you did not meet the necessary criteria. EPIC Enterprises, Inc. has therefore determined to rescind the offer of employment for the position of 2nd shift Quality Supervisor.**
>
> Please refer to the Disclosure and Authorization Form you signed for details about requesting addit ional information, how to dispute incomplete or inaccurate information, and rights that you have related to background checks and other screenings.

Compl., Ex. A, ECF No. 1-1 4 (emphasis added). On February 9, 2026, Epic's Human Resources Manager purportedly "admitted the background check was 'not the determining factor' and that the decision was based upon a blanket drug free policy." FAC ¶ 8. The February 9, 2026 communication from Epic, in fact, confirms that in fact the basis for recission was the positive drug screen. See FAC, EX. B 6, ECF No. 14-2.

The remaining facts concern an incident on February 12, 2026, when Hakuzimana attempted to serve Epic by personally delivering copies of the relevant documents to Epic, claiming that he was threatened with arrest, disparaging comments about his hygiene were made, and his Certificate of Service was "confiscated." FAC ¶ 10. Finally, Hakuzimana claims that certain evidence in opposition to the motion for temporary restraining order is brought in bad faith -- again Hakuzimana states that Epic's "own representatives admitted on February 9, 2026, that the background check was not the reason for the recission." FAC ¶ 11.

### III. ANALYSIS

On the above facts, Hakuzimana claims three causes of action:

>Count I - State Law Disability Discrimination under Mass. Gen. Laws ch. 151B
>
>Count II - Violation of the Fair Credit Reporting Act (15 U.S.C. § 1681b)

5

>Count III - Retaliation and Obstruction of Justice for purported harassment and intimidation while serving process in this action.

See FAC ¶¶ 12-15. As set forth below, the federal claims under fail. Those claim being dismissed, the Court declines to exercise supplemental jurisdiction over the remainder of the claims, which are dismissed without prejudice.

### A. The FCRA Claim (Count II) Fails to State a Federal Claim and is Dismissed

The FCRA claim fails as matter of law. The FCRA provides in pertinent part with respect to employment use and notification:

>(3) Conditions on use for adverse actions
>
>(A) In general
>
>Except as provided in subparagraph (B),[2] **in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report**, the person intending to take such adverse action **shall provide to the consumer to whom the report relates--**
>
>**(i) a copy of the report; and**
>
>**(ii) a description in writing of the rights of the consumer under this subchapter, as prescribed by the Bureau under section 1681g(c)(3) of this title.**

15 U.S.C. 1681b(b)(3)(A). Presuming Hakuzimana has standing to sue under this provision, see Azeez v. Lifespan Corp., 635 F.

---

[2] Subparagraph (B) is inapplicable, inasmuch as that provision deals with positions over which the Secretary of Transportation has the power to establish qualifications and maximum hours. Id. § 1681b(b)(3)(B).

6

Supp. 3d 75, 86 (D.R.I. 2022) (ruling as matter of first impression that employee has standing to sue for failure to provide report before taking adverse action), the claim fails on the merits. Here, there are no plausibly pleaded allegations in the FAC that "any adverse action was taken based in whole or in part on the report." See id. § 1681b(b)(3)(A). Rather, the FAC alleges the opposite: that the recission was based solely upon the alleged drug screening. FAC ¶¶ 8,9, and 11. Accordingly, where Epic took no adverse action based upon the background check, the FCRA claim fails as matter of law and is DISMISSED with prejudice. See Goddard v. Slickdeals, LLC, No. 25-CV-06187-JSC, 2025 WL 2969722, at *6 (N.D. Cal. Oct. 21, 2025) ("Because the FCRA only requires notice for adverse actions 'based in whole or in part' on information contained in a consumer report, Plaintiff does not state an FCRA claim against Apple."), appeal dismissed, No. 25-6741, 2025 WL 4076405 (9th Cir. Nov. 21, 2025).

> B. Retaliation and Obstruction of Justice Claims (Count III) Fail to State a Federal Claim and are Dismissed

Hakuzimana claims "retaliation," "intimidation", and "obstruction of justice" with respect to his improper in-person attempt to make service of filings in this case. Hakuzimana's claims concerning the incident relating to his attempt to serve EPIC on February 12, 2026 does not raise any plausibly pleaded federal claims of retaliation.

7

Furthermore, although Hakuzimana does not identify any statute, "[t]o the extent the complaint asserts a claim for obstruction of justice pursuant to 18 U.S.C. § 1503, [he] cannot bring a civil lawsuit based upon the alleged violation of a federal criminal statute" because "[a] private citizen ''has no authority to initiate a federal criminal prosecution,' nor to seek other relief based on alleged violations of federal criminal statutes.'" Bouvier v. Fusaro, 799 F. Supp. 3d 34, 38 (D. Mass. 2025) (quoting Diaz v. Perez, No. 16-11860-RGS, 2016 WL 6871233, at *5 (D. Mass. Nov. 21, 2016)). Accordingly, to the extent that Count III is construed to seek relief under federal law, it is DISMISSED.

### C. The Court Discerns No Americans with Disabilities Act Claims Based Upon Positive Marijuana (THC) Test and Use.

The Court observes that the FAC assert federal jurisdiction in part under the "ADA," which this Court interprets as the Americans with Disabilities Act 42 U.S.C. § 12101, et seq. There is no plausibly pleaded federal claim under the ADA.

The FAC alleges at most that Hakuzimana was discriminated against on the basis of his alleged use of medical marijuana. FAC ¶¶ 9 (decision to rescind based upon drug-free policy), 12 (state law discrimination). While the First Circuit has not ruled on this issue, other courts have ruled that medical marijuana is **not** covered under the ADA because under **federal** law

medical marijuana is an illegal drug. See James v. City of Costa Mesa, 700 F.3d 394, 405 (9th Cir. 2012) ("We hold ... that the ADA does not protect medical marijuana users who claim to face discrimination on the basis of their marijuana use."); Beckman v. Collier Cnty. Bd. of Cnty. Commissioners, No. 2:24-CV-585-JES-DNF, 2026 WL 91580, at *10 (M.D. Fla. Jan. 13, 2026); Zimmerman v. Health Network Laboratories, L.P., No. 5:24-CV-01142, 2025 WL 457100, at *4 (E.D. Pa. Feb. 10, 2025) (observing that federal "district courts that have directly engaged the issue of whether an individual who is prescribed medical marijuana can state a prima facie case under the ADA for discrimination based on marijuana use consistent with their prescription have concluded that they cannot.")(collecting cases).

Indeed, "[t]he ADA is an anti-discrimination statute that exempts the use of illegal drugs from its scope of protection. Beyond doing so, the ADA does not preclude the States from regulating employers who discriminate against employees who engage in the medicinal use of drugs in compliance with state law." Noffsinger v. SSC Niantic Operating Co. LLC, 273 F. Supp. 3d 326, 338 (D. Conn. 2017). As here, "this dynamic will continue to raise interesting questions of federalism and conflict preemption as state legislatures explore marijuana's efficacy in medical treatment." Zimmerman, 2025 WL 457100, at *

4. Thus, while Hakuzimana **may** have different rights under **Massachusetts** law, see Barbuto v. Advantage Sales and Mktg., LLC, 477 Mass. 456, 464 (2017), -- a point on which this Court has no opinion -- there is no ADA claim where the continued use of medical marijuana cannot be the basis of a reasonable accommodation under federal law. In any event, there is no ADA claim pleaded.

### D. The Court Declines to Exercise Supplemental Jurisdiction under 28 U.S.C. § 1367(c)(3)

"In a federal-question case, the termination of the foundational federal claim does not divest the district court of power to exercise supplemental jurisdiction but, rather, sets the stage for an exercise of the court's informed discretion." Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 256-57 (1st Cir. 1996); See 28 U.S.C. § 1367(c)(3). The Court "must take into account concerns of comity, judicial economy, convenience, fairness, and the like." Id. at 257. "It is the usual case that where all federal-law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state-law claims." Vazquez-Velazquez v. Puerto Rico Highways and Transportation Auth., 73 F.4th 44, 53 (1st Cir. 2023) (cleaned up).

So it is here. The sole pleaded FCRA federal claim has been dismissed at the earliest stage of the litigation, and

10

there are no factors that favor retention of purported state-law claims. See Kenn v. Eascare, LLC, 483 F. Supp. 3d 26, 36 (D. Mass. 2020) (Burroughs, J.) (declining to exercise supplemental jurisdiction over state law discrimination claim under Mass. Gen. Laws. ch. §151B after FCRA dismissed). Accordingly, the Court declines to exercise supplemental jurisdiction over any state law claims and they are DISMISSED but without prejudice.

## IV. CONLCUSION

After careful consideration of the parties' submissions, and for the reasons set forth above, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the sole federal claim is DISMISSED, and after declining to exercise supplemental jurisdiction over any state-law claims, the supplemental claims are DISMISSED without prejudice pursuant to 28 U.S.C. § 1367(c)(3). The Clerk is directed to enter a separate order of dismissal and close the case.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
JUDGE
of the
UNITED STATES[3]

---

[3] This is how my predecessor, Peleg Sprague (D. Mass 1841-1865), would sign official documents. Now that I'm a Senior District Judge I adopt this format in honor of all the judicial colleagues, state and federal, with whom I have had the privilege to serve over the past 47 years.